**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER C.,<br><br>Claimant,<br><br>v.<br><br>FRANK J. BISIGNANO,<br>Commissioner of Social Security,<br><br>Respondent. | Case No. 25 C 4413<br><br>Magistrate Judge Karyn L. Bass Ehler |

## MEMORANDUM OPINION AND ORDER

Christopher C.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner") denying his application for supplemental security income. Claimant filed a Motion for Summary Judgment [14], and the Commissioner filed a Memorandum of Law in Support of Motion for Summary Judgment [15]. For the reasons set forth below, the Court denies Claimant's Motion of Summary Judgment [14] and grants the Commissioner's Memorandum of Law in Support of Motion for Summary Judgment [15], affirming the Commissioner's decision.[3]

## BACKGROUND

Claimant applied for supplemental security income on April 25, 2022, alleging a disability onset date beginning on January 19, 2022. (R.15). His application was denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge ("ALJ"). *Id.* After the hearing, the ALJ issued his decision on April 19, 2024, denying Claimant's

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* [7].

application for supplemental security income and concluding he was not disabled under Section 1614(a)(3)(A) the Social Security Act. (R.15-31). The Appeals Council denied Claimant's request for review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**DISCUSSION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining if a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must determine whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since April 25, 2022, the date he filed his application for supplemental income. (R.17). At step two, the ALJ found that Claimant has the following severe impairments: absence seizures, hypertension, hypothyroidism, chronic kidney disease, bipolar disorder, borderline intellectual functioning/learning disorder, degenerative joint disease of the

bilateral knees, post-traumatic stress disorder, personality disorder with antisocial features, obesity, and Grave's disease. (R.17). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.17-18). At step four, the ALJ determined that Claimant had the RFC to perform light work with certain limitations as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; avoid concentrated exposure to hazards; limited to simple, routine, and repetitive tasks; no strict production rate requirements; only simple, work-related decisions; few, if any, work-place changes; occasional interaction with coworkers and supervisors; no interaction with the public; and only jobs that can be demonstrated with no written instructions.

(R.22). The ALJ then found that Claimant did not have any past relevant work. (R.29). Based on the RFC assessment and the vocational expert's testimony, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Claimant could perform. (R.30). The ALJ ultimately concluded that Claimant was not disabled under Section 1614(a)(3)(A) of the Social Security Act based on the application he filed on April 25, 2022 for supplemental security income. (R.31).

The district court reviews the ALJ's decision deferentially and must affirm that decision if it is supported by "[s]ubstantial evidence," *i.e.*, '"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential, the court must "conduct a critical review of the evidence" before affirming the Commissioner's

decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

Claimant asserts two arguments challenging the ALJ's decision: (1) the ALJ did not properly consider his Physician Assistant's opinion; and (2) the ALJ failed to consider the consistency of the medical opinions. The Court addresses both arguments below.

**A. The ALJ's Evaluation of Physician Assistant William Bush's Opinion Is Supported By Substantial Evidence**

Claimant argues that the ALJ failed to properly evaluate the opinion of Physician Assistant ("PA") William Bush. Claimant's Brief [14-1], at 9-10, The regulations require an ALJ to consider a number of factors when evaluating medical opinions, the most important of which are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2), (c). The regulations additionally require an ALJ to explain how he evaluated the medical opinion evidence and whether or not the opinions are persuasive and why. *See* 20 C.F.R. § 404.1520c(a) and (b)(1). Here, the ALJ found that PA Bush's opinion was not persuasive and provided the following explanation:

> Mr. Bush is the claimant's treating physician's assistant and he therefore has a longitudinal understanding of the claimant's medical impairments, symptoms, and limitations. However, beyond noting the claimant's knee x-ray, this provider did not identify specific objective medical evidence to support the limitations he assessed. This opinion is inconsistent with the medical evidence of record, including the claimant's conservative treatment. However, it is also inconsistent with the claimant's primary care provider notes which do not document reported symptoms or objective finding[s] consistent with the degree of limitation Mr. Bush has assessed. These notes reflect some complaints of knee pain, seizures well controlled with medication, and generally unremarkable examinations. Therefore, the undersigned finds this opinion unpersuasive.

(R.29). Claimant argues that the ALJ's reasons for rejecting PA Bush's opinions are conclusory and not supported by the record. Claimant's Brief [14-1], at 9-10. The Court disagrees with Claimant's arguments.

As an initial matter, the Court notes that Claimant does not squarely address the ALJ's reasons for discounting PA Bush's opinion and essentially asks the Court to weigh the opinion evidence differently than the ALJ did, which is something the Court cannot do. *See Gedatus*, 994 F.3d at 900 ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it."). The law is clear that an ALJ need only "minimally articulate his reasons for crediting or rejecting" a medical opinion. *Clifford v. Apfel*, 227 F.3d 836, 870 (7th Cir. 2000).

Claimant argues that "the ALJ failed to explain why [Claimant's] knee pain and arthritis was not supported of a less than light RFC, to which PA Bush opined." Claimant's Brief [14-1], at 9. The Court disagrees. The ALJ specifically explained that "beyond noting the claimant's knee x-ray, this provider did not identify specific objective medical evidence to support the limitations he assessed. This opinion is inconsistent with the medical evidence of record, including the claimant's conservative treatment. However, it is also inconsistent with the claimant's primary care provider notes which do not document reported symptoms or objective finding consistent with the degree of limitation Mr. Bush has assessed." (R.29). Although Claimant may disagree with the ALJ's evaluation, the ALJ gave multiple reasons why he was not persuaded by PA Bush's opinion, and that is all that is required.

The relevant question for this Court is not whether the ALJ's assessment is correct but whether it is reasonable. *See Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("An ALJ's job is to weigh conflicting evidence, and the [side that loses] in such a process is bound to believe

that the finder of fact should have been more favorable to his cause."). Based on a review of the record, the Court finds that the ALJ reasonably assessed the supportability and consistency of PA Bush's opinion consistent with the regulations. The Court finds that Claimant has failed to meet his burden of demonstrating that the ALJ's analysis and conclusion are unsupported and that there is more than enough evidence in the record to support the ALJ's decision. The Court cannot, and will not, second guess the ALJ's assessment.

For all these reasons, the Court finds that the ALJ provided the requisite logical bridge explaining why he was not persuaded by PA Bush's opinion and that explanation is supported by the record evidence. The ALJ's decision, therefore, must be affirmed on this basis.

**B. The ALJ's Evaluation of the Medical Opinion Evidence Is Supported by Substantial Evidence**

Claimant's second argument is similar to his first one, and he contends that the ALJ improperly evaluated the consistency of the medical opinion evidence. Claimant's Brief [14-1], at 10-11. Claimant argues that there is a "substantial longitudinal consistency in the opinion evidence that [Claimant] could not manage his own funds" and the ALJ failed to consider that those opinions (that Claimant could not manage his own funds) were consistent with each other, which in Claimant's view requires remand. *Id.* at 11. This argument, however, ignores the undisputed fact that even though some of the doctors who performed consultative examinations agreed with each other that Claimant would not be able to manage his own funds, the State agency consultants nevertheless concluded that Claimant had the RFC to perform light work with limitations. (R.26-28).

The Court is not persuaded by Claimant's conclusory assertion that his inability to manage his own funds is "a functional ability that is relevant to his ability to work" or is work preclusive. Claimant's Brief [14-1], at 10. There is no evidence in the record, and Claimant does not cite any

case law that supports his assertion, that an inability to manage funds is work preclusive. The ALJ found the opinions of the State agency consultants to be generally and partially persuasive, and the ALJ adopted their opinions that Claimant could perform light work with specific postural and environmental limitations and with some additional limitations to account for his social limitations and limitations in concentration, persistence, and maintaining pace. (R.28-29). The ALJ explained that the opinions of the State agency consultants were "ground in evidence in the case record" and were "well supported and consistent with the claimant's mental health treatment, reported response to medication, and mental status examinations." (R.29). Ultimately, the ALJ concluded:

> The claimant's overarching allegations of disability are less than fully consistent with the record. The claimant's treatment records show the claimant has been generally responsive to conservative treatment, including medication and physical therapy. The undersigned notes the claimant has not required hospitalization for any condition and the record does not document any emergency department visits. His subjective reports to treatment providers are not consistent with the degree of limitation h[e] has alleged in conjunction with this application, including with the level of limitation h[e] has reported in his activities of daily living. The claimant's physical and mental examination conducted in the course of treatment are also generally unremarkable and not consistent with the degree of limitation he has alleged. Based on the claimant's hypertension, hypothyroidism, chronic kidney disease, Grave's disease, degenerative joint disease, and obesity, the undersigned has limited the claimant to light work with postural limitations noted above. The undersigned has considered the claimant's absence seizures in limiting him to no climbing of ladders, ropes, or scaffolds and in avoiding concentrated exposure to hazards. The undersigned has considered the claimant's bipolar disorder, borderline intellectual functioning/learning disorder, PTSD, and personality disorder in assessing the mental limitations described above. The undersigned finds the record, including the claimant's treatment history, examination findings, reports to providers, and imaging do not support additional limitations.

(R.28). In the Court's view, the ALJ provided a logical bridge between the record evidence, the opinion evidence, and his conclusions, and the Court finds that the ALJ's evaluation of the medical record and opinion evidence is supported by substantial evidence.

Even though the ALJ did not specifically address the consistency of some of the medical consultants' conclusions that found Claimant would be unable to manage his own funds, there is

nothing in the record that such a limitation would be work preclusive. It is Claimant's burden to prove his alleged disability and inability to work. *See* 20 C.F.R. § 404.1512(a); *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) ("It is [the claimant's] burden, not the ALJ's to prove that she was disabled."). The Court will not, and cannot, second guess the ALJ's well-supported conclusions and will not re-weigh the evidence. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) (recognizing that even if reasonable minds could differ on the weight the ALJ gave to the medical evidence, the court cannot substitute its judgment for that of the ALJ's by reweighing the evidence). The Seventh Circuit has made clear that "[s]ubstantial evidence is not a high hurdle to clear." *Bruno v. Saul*, 817 F. Appx. 238, 241 (7th Cir. 2020). Viewing the record as a whole, the ALJ's decision meets that threshold, and Claimant's request to remand the case for further consideration of the opinion evidence is denied.

**CONCLUSION**

For the reasons set forth in the Court's Memorandum Opinion and Order, Claimant's Motion for Summary Judgment [14] is denied, and the Commissioner's Memorandum in Support of Summary Judgment [15] is granted. The Commissioner's decision is affirmed, and this case is closed.

It is so ordered.

Karyn L. Bass Ehler
United States Magistrate Judge

Dated: September 1, 2026